### OLIVER *v.* EMPIRE LIFE INSURANCE COMPANY *et al.*

HILL, J. 1.    Where a plaintiff brought an action against two corporations, alleging that the one first organized had issued certain certificates to him, and that it had become merged or consolidated with the second corporation and had transferred all of its assets to the second, and that there had been a breach of the contract contained in the certificates, on account of which the plaintiff was entitled to a judgment thereon, a proposed amendment which alleged that prior to the bringing of the suit the plaintiff was preparing and threatening to institute his action for subjecting to his claim assets which he contended were subject thereto, and that the second corporation agreed with him that if he would delay bringing the suit until a certain time it would guarantee payment to him, and that it was liable on such contract, added a new cause of action to that based upon the original alleged liability. In so far as the proposed amendment merely alleged that this transaction emphasized or recognized the original liability, in addition to seeking to set up the new liability, such incidental allegation would not save the amendment as a whole. In fact it amounted, in substance, to merely pleading that the newly alleged contract was an admission of liability for the reasons set out in the original petition. Accordingly, it was not error to reject the proposed amendment.

2. There was no error in refusing to allow the second amendment tendered.

3. Under the pleadings and evidence, the plaintiff did not allege and prove a right to recover any specific amount against either of the two defendant companies; and therefore the question whether the second company would be relieved on the theory of merger or consolidation, or whether the plaintiff would have to proceed against it as a purchaser or transferee, for the purpose of subjecting assets claimed to be liable for any indebtedness to him, becomes immaterial.

4. There was no error in entering judgment denying the prayers of the petition.       *Judgment affirmed. All the Justices concur.*
           AUGUST 16, 1916.

Equitable petition. Before Judge Pendleton. Fulton superior court. May 24, 1915.

*Z. B. Rogers* and *Colquitt & Conyers,* for plaintiff.

*F. A. Hooper, Little, Powell, Smith & Goldstein,* and *Robert C. & Philip H. Alston,* for defendants.